Filed 7/29/15  P. v. Thomas CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076289 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F03489, 13F02996) |
| v. | |
| MARQUITA KYLA-DENA THOMAS, | |
| Defendant and Appellant. | |

Defendant Marquita Kyla-Dena Thomas pleaded no contest to second degree burglary (Pen. Code, § 459)[1] in case No. 120F3489 and was convicted by a jury of three counts of second degree burglary (§ 459) and three counts of second degree robbery (§ 211) with an enhancement for use of a deadly weapon (§ 12022, subd. (b)(1)) in case

---

[1] Undesignated statutory references are to the Penal Code.

1

No. 13F02996. Sentencing defendant in both cases, the trial court imposed a six-year state prison term.

On appeal, defendant contends the provisions of Proposition 47, the Safe Neighborhoods and Schools Act, apply retroactively to reduce her conviction for second degree burglary in case No. 12F03489 to shoplifting (§ 459.5), a misdemeanor. We affirm.

## BACKGROUND

Since defendant's contention concerns only case No. 12F03489, we limit our summary of facts to that case.

On May 15, 2012, a police officer saw defendant and two other men leave a car parked in a Lowe's parking lot, enter, and then leave the store. The men carried nothing when they left the store, but defendant left carrying a large handbag. After determining the driver of the car was on probation, the officer conducted a probation search of him and found items stolen from Lowe's. Defendant admitted taking the items.

## DISCUSSION

Proposition 47 requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70.) It also added section 1170.18 to the Penal Code, which provides that a person who is "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . ."

Defendant correctly notes that entering a commercial property with the intent to commit larceny is the crime of shoplifting, a misdemeanor, unless the value of property taken or intended to be taken exceeds $950. (§ 459.5, subd. (a).) She argues that pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the provisions of

2

Proposition 47 operate retroactively to reduce her second degree burglary conviction to shoplifting in case No. 12F03489.

*Estrada* stated: "When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Estrada, supra*, 63 Cal.2d at p. 745.) This includes "acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Ibid*.)

Thus, *Estrada* held that if an amended statute mitigates punishment, the amendment will operate retroactively to impose the lighter punishment unless there is a saving clause. (*Estrada, supra*, 63 Cal.2d at p. 748.) The Legislature may signal its intent by including an express saving clause making the amendment prospective, "or its equivalent." (*People v. Nasalga* (1996) 12 Cal.4th 784, 793, fn. omitted.) *People v. Yearwood* (2013) 213 Cal.App.4th 161 held that a provision in Proposition 36, the Three Strikes Reform Act of 2012, which created a postconviction resentencing procedure similar to the one in section 1170.18, was the "functional equivalent" of a saving clause. (*Yearwood*, at p. 172.) Referencing *Yearwood*, this court has concluded that a defendant subject to Proposition 47 is limited to the statutory remedy of petitioning for recall of sentence in the trial court after the judgment has become final. (*People v. Noyan* (2014) 232 Cal.App.4th 657, 672.)

We agree with the result in *People v. Noyan, supra*, 232 Cal.App.4th 657. The procedure set forth in section 1170.18 applies to "[a] person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act . . . ." Defendant is such a person. There is no need to ask whether Proposition 47 is retroactive as to her. The act expressly states the manner in which any

3

adjustment in her sentence is to be accomplished.  Defendant is limited to the statutory remedy of petitioning the trial court for recall of sentence.

## DISPOSITION

The trial court's orders are affirmed.


      RENNER      , J.


We concur:


  BLEASE    , Acting P. J.


  MAURO    , J.